David Hilton Wise Esq.,
Nevada State Bar No. 11014
**WISE LAW FIRM**
335 W 1st Street
Reno, Nevada 89503
Telephone: (775) 299-4284
dwise@wiselaw.pro

Alexandr Rudenco
(admitted *pro hac vice*)
**MILBERG PLLC**
800 S. Gay St., Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
arudenco@milberg.com

*Counsel for Miroslav Vitek and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**MIROSLAV VITEK**, Individually and on behalf of the Boyd Gaming Corporation 401(k) Plan and Trust, and on behalf of all the similarly situated participants and beneficiaries of the plan,

Plaintiff,

v.

**BOYD GAMING CORPORATION; BOYD GAMING CORPORATION 401(K) PLAN AND TRUST COMMITTEE; JOHN AND JANE DOES 1-30** in their capacities as fiduciaries and members of the committee,

Defendants.

Case No. 2:26-cv-00404-MMD-NJK

**STIPULATION AND ~~[PROPOSED]~~ ORDER TO EXTEND CASE MANAGEMENT DEADLINES**

**(FIRST REQUEST)**

Plaintiff Miroslav Vitek ("Plaintiff") and Defendants Boyd Gaming Corporation ("Boyd Gaming") and the Boyd Gaming Corporation 401(k) Plan and Trust Committee (the "Committee") (together, "Defendants," and with Plaintiff, the "Parties") submit this stipulation under Local Rules

IA 6-1 and 26-3. Under Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4), the Parties ask the Court to extend each remaining deadline in its Scheduling Order (ECF No. 25) by 60 days. This is the Parties' first request to extend any deadline in ECF No. 25, and they submit it at least 21 days before the earliest deadline it affects, the November 11, 2026, discovery cutoff.

**STANDARD AND THE COURT'S PRIOR ORDER**

A schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause inquiry focuses primarily on the diligence of the parties seeking the modification. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A request to extend unexpired discovery deadlines must be supported by a showing of good cause. LR 26-3. It must also include (a) a statement specifying the discovery completed, (b) a specific description of the discovery that remains to be completed, (c) the reasons the remaining discovery was not completed within the time limits set by the discovery plan, and (d) a proposed schedule for completing all remaining discovery. *Id.*

The Parties are mindful of the Court's statement that it "intends to enforce case management deadlines absent a proper showing that modification is warranted, even if that request is presented jointly or by stipulation." ECF No. 25 at 2. The Parties' request rests on specific, recent developments in discovery. At Defendants' request, Plaintiff twice extended Defendants' time to respond to Plaintiff's first discovery requests, and Defendants' document production, which began on September 28, 2026, is ongoing. The Committee's minutes and related materials have not yet been produced, and the identities of the Committee members were first disclosed in interrogatory answers served on October 2, 2026. The requested 60 days is tied to completing those specific items.

**DISCOVERY COMPLETED TO DATE**

Under Local Rule 26-3(a), the Parties list the discovery completed to date:

a. June 22, 2026: The Parties held their Rule 26(f) conference. ECF No. 24 at 3.

b. July 6, 2026: Plaintiff and Defendants served their initial disclosures under Rule 26(a)(1).

c. August 13, 2026: Plaintiff served his First Set of Interrogatories and First Set of Requests for Production on Boyd Gaming and on the Committee.

d. September 14, 2026: At Defendants' request, Plaintiff agreed to extend Defendants' deadline to respond to Plaintiff's first sets of discovery by two weeks, to September 28, 2026.

e. September 28, 2026: At Defendants' further request, Plaintiff agreed to extend the deadline for Defendants' written responses to October 2, 2026, on the understanding that Defendants' document production would begin that day. Defendants served their first document production, Bates-numbered BGC-000001 through BGC-001028, consisting of (1) the Plan's Form 5500 filings for 2020-2024, BGC-000001 through BGC-000216; (2) the Plan's plan document and IRS opinion letter, BGC-000217 through BGC-000304; (3) the Plan's 2022 summary plan description, BGC-000305 through BGC-000321; (4) the Plan's investment policy statement, BGC-000322 through BGC-000336; (5) the Plan's 404(a)(5) fee disclosures for 2020-2023, BGC-000337 through BGC-000368; (6) prospectus materials for the American Century One Choice Portfolios for 2020-2025, BGC-000369 through BGC-001026; and (7) an American Century One Choice Target Date Trust Portfolios Class IV fact sheet dated March 31, 2026, BGC-001027 through BGC-001028.

f. October 2, 2026: Boyd Gaming and the Committee each served answers to Plaintiff's interrogatories and written responses to his requests for production.

g. October 9, 2026: Plaintiff sent Defendants a letter addressing their responses and production and proposing custodians, search terms, and a date range for an ESI search. Plaintiff also asked for deposition dates for five Committee members and a Rule 30(b)(6) designee of Boyd Gaming.

h. October 9, 2026: Defendants served their First Set of Interrogatories and First Set of Requests for Production on Plaintiff.

i. October [15], 2026: Counsel conferred by telephone about the schedule and the issues raised in Plaintiff's letter.

**DISCOVERY THAT REMAINS TO BE COMPLETED**

Under Local Rule 26-3(b), the Parties describe the discovery that remains:

a. Production of the documents responsive to Plaintiff's August 13, 2026, document requests, including Committee meeting minutes and meeting materials, investment consultant reports, watch-list records, Committee charter/delegation documents, and additional Plan investment policy statements. These productions will consist of thousands of pages of additional documents. Defendants' review, processing, and rolling production of the documents is ongoing, and Defendants anticipate substantially completing this production by October 30, 2026, subject to supplementation under Rule 26(e). The Parties continue to confer on the time period of the production and on ESI, and this description does not limit any Party's position on those issues.

b. Production of the quarterly vintage-level data responsive to Plaintiff's Request for Production No. 31 to the Committee and No. 19 to Boyd Gaming.

c. Any supplemental responses and production resulting from the Parties' conferences on Plaintiff's October 9 letter, including the results of any ESI search.

d. Plaintiff's responses to Defendants' First Set of Interrogatories and First Set of Requests for Production, due November 9, 2026.

e. Several witness depositions. Plaintiff seeks the depositions of Josh Hirsberg, Bob Berglund, David Krasn, Rich Aron, and Rick Darnold, and a Rule 30(b)(6) deposition of Boyd Gaming. The Parties are in the process of meeting and conferring regarding witness availability and proportionality.

f. The deposition of Plaintiff.

g. A Rule 45 subpoena to the Plan's investment consultant, Graystone Consulting (a business of Morgan Stanley), for its reports to and communications with the Committee, to the extent necessary.

h. Initial and rebuttal expert disclosures and expert depositions.

**REASONS DISCOVERY CANNOT BE COMPLETED BY NOVEMBER 11, 2026**

Good cause exists for the requested extension for five reasons.

**I. Additional core fiduciary-process documents, including the Committee's minutes, meeting materials, consultant reports, watch-list records, and earlier and additional investment policy statements, have not yet been produced.**

Plaintiff's claims are that Defendants "imprudently selected and retained the American Century One Choice target-date fund suite, and failed to monitor the fiduciaries charged with the Plan's investments." ECF No. 24 at 2. Those claims challenge the process by which the Committee selected, monitored, and retained those funds. The Committee's minutes and the materials it reviewed are the primary record of that process. Defendants' initial disclosures list the "[m]inutes and materials from the Committee meetings during the putative Class Period" among the documents they may use. The Parties' discovery plan names "[t]he Committee's monitoring and evaluation of the Plan's investments, including meeting minutes and materials" as a subject of discovery. ECF No. 24 at 4.

Courts deciding fiduciary-process claims at summary judgment rely on each category of those records. Plaintiff included each of these in his document requests served on August 13, 2026. Defendants' discovery responses were initially due September 14, 2026. Defendants requested an extension to this deadline and began their rolling production on September 28, 2026, with a production of 1,028 pages of documents which did not include meeting minutes and certain materials (containing consultant reports, watch-list records, and fund data). Defendants are reviewing and processing several thousand pages of Committee meeting minutes and materials for production, which the Parties agree are necessary to the case:

- **Committee meeting minutes.** The Committee "met quarterly . . . as well as additional special meetings," and Defendants have agreed to produce the minutes (Committee Request No. 5; Boyd Gaming Request Nos. 2, 4). *See Lauderdale v. NFP Ret., Inc.*, No. 8:21-cv-301-JVS-KES, 2022 WL 17260510, at *15 (C.D. Cal. Nov. 17, 2022) (finding that "the meeting minutes (and lack of meeting minutes)" raised "serious

questions as to whether the [committee's] investigatory process was prudent"). The minutes have not yet been produced.

- **Meeting materials.** Boyd Gaming's interrogatory answers state that the Committee's reviews are documented in "Committee meeting minutes, materials distributed in connection with the meetings, and the Plan's Form 5500s." The Committee has agreed to produce the materials "distributed in connection with or discussed at" its meetings (Committee Request No. 8). *See Marshall v. Northrop Grumman Corp.*, No. 2:16-cv-06794-AB (JCx), 2019 WL 4058583, at *9 (C.D. Cal. Aug. 14, 2019) (denying summary judgment where "there [we]re significant gaps in the record as to whether the Investment Committee considered, adopted, or rejected most of the [in-house investment staff's] recommendations and/or presentation materials"). The meeting materials have not yet been produced.
- **Investment consultant reports.** The Committee met "to review and discuss detailed reports and recommendations from the Plan's investment advisor, Graystone Consulting." Graystone "provided data regarding holdings, performance, benchmarking, and other metrics relating to the AC TDFs, as well as recommendations." Boyd Gaming has agreed to produce the "reports prepared by the Plan's investment advisor which include analyses, benchmarking, and watch list status for the AC TDFs" (Boyd Gaming Request No. 4). *See Lauderdale*, 2022 WL 17260510, at *10-11 (finding a triable issue on the prudence of an adviser's monitoring of target-date funds where, despite quarterly reports on returns, benchmarks, and "Scorecard" scores, the adviser "did not always report the funds' underperformance to [the committee], despite a consistent downward trend"). These reports have not yet been produced.
- **Watch-list records.** The Committee has identified "materials provided to the Committee during the Relevant Statutory Period indicating any time investments were placed on a watch list or not approved by Morgan Stanley" (Committee Request No.

29). *See Sellers v. Trs. of Bos. Coll.*, 729 F. Supp. 3d 136, 169-70 (D. Mass. 2024) (denying summary judgment where the fund "failed multiple performance criteria on the consultant's 'scorecard'" and the record lacked "specific discussions about the [fund's] performance after being placed on Watch"). These records have not yet been produced.

- **Earlier and later versions of the investment policy statement.** Defendants have produced one version of the Plan's investment policy statement and have agreed to produce the versions "in effect during the Relevant Statutory Period" (Committee Request No. 2). *See Lauderdale*, 2022 WL 17260510, at *10-11 (holding that whether the adviser followed its investment policy statement could not be resolved at summary judgment where "[t]he parties appear[ed] to dispute which version of the Investment Policy Statement [was] operative"); *Cal. Ironworkers Field Pension Tr. v. Loomis Sayles & Co.*, 259 F.3d 1036, 1042 (9th Cir. 2001) (fiduciaries "must comply with the plan's written statements of investment policy, insofar as those written statements are consistent with the provisions of ERISA"). The other versions have not yet been produced.
- **Committee charter and delegation documents.** The Committee has agreed to produce the documents "establishing, defining, or delegating its authority and responsibilities with respect to the selection, monitoring, retention, removal, or replacement of the challenged investments" (Committee Request No. 3). Those documents bear on who was responsible for monitoring the Committee. *See Marshall*, 2019 WL 4058583, at *2 (analyzing at summary judgment the delegations of fiduciary authority set out in the investment policy statement, board resolutions, and the investment committee's charter). These documents have not yet been produced.

Accordingly, Plaintiff does not yet have the core documents pertaining to his claims. Each remaining step builds on them: the selection and work of Plaintiff's experts, the depositions of the Committee members, and any request to the Plan's investment consultant. To the extent Defendants'

production does not include the investment consultant's reports and communications to the Committee, Plaintiff intends to seek them from the consultant, so that they too are in hand before the Committee members testify.

**II. Plaintiff needs those documents to determine the number and types of experts the case requires, and the expert reports due December 11, 2026, cannot be completed without them.**

The documents will determine the experts. The case may call for an expert on fiduciary process, on investment performance and benchmarking, on damages, or on some combination. Which of those it requires depends on what the Committee's minutes, the consultant's reports, the watch-list records, and the investment policy statements show about how the Committee monitored the American Century funds. Plaintiff cannot responsibly decide the number and types of experts to retain until those records are produced.

The documents will also determine the reports. Each report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). For an expert on the Committee's process, those facts are the Committee's own records. As the Parties told the Court in their discovery plan, the expert opinions here "depend on the complete documentary record and on the testimony of the Plan's fiduciaries." ECF No. 24 at 2-3. The same is true of the data. Plaintiff's requests seek quarterly Plan-, fund-, and vintage-level data, including asset values, cash flows, and participant counts (Committee Request No. 31; Boyd Gaming Request No. 19). Defendants have agreed to produce quarterly vintage-level data on asset values and total Plan investments in the American Century funds, and that data has not yet been produced.

Courts in this District find good cause to extend discovery and expert deadlines when outstanding production is needed for an expert's work. *Baum v. State Farm Mut. Auto. Ins. Co.*, No. 2:15-cv-1917-APG-VCF, 2016 WL 4411496, at *1 (D. Nev. Aug. 16, 2016) (finding good cause "[g]iven the amount and importance of the discovery that still needs to be completed," including document responses the movant represented were "necessary for its expert to complete his report");

*Renfrow v. Redwood Fire & Cas. Ins. Co.*, 288 F.R.D. 514, 521 (D. Nev. 2013) (extending the expert-disclosure deadline because the defendants "ha[d] not provided plaintiff with the claims file needed for the expert witness to opine"). Under the current schedule, initial expert disclosures are due December 11, 2026, one month after the fact-discovery cutoff. Plaintiff would have to choose experts, give them six years of Committee records, and obtain complete reports within weeks of receiving those records.

**III. The depositions of Committee members first identified on October 2, 2026, and of Boyd Gaming's Rule 30(b)(6) designee should follow the documents, which will inform the necessity and scope of each deposition.**

Plaintiff's Complaint names John and Jane Does 1-30, in their capacities as fiduciaries and members of the Committee, whose identities could be determined only through discovery. ECF No. 1 ¶ 20. The Parties' discovery plan advised the Court that "[t]he Doe fiduciaries must be identified through discovery" and that "they may be deposed." ECF No. 24 at 3. Defendants identified the Committee members in interrogatory answers served on October 2, 2026. One week later, on October 9, Plaintiff asked Defendants for deposition dates for the five current and former Committee members identified in those answers: Josh Hirsberg, Bob Berglund, David Krasn, Rich Aron, and Rick Darnold. Plaintiff also asked for deposition dates for a Rule 30(b)(6) designee of Boyd Gaming. The Parties are in the process of meeting and conferring on the proportionality and availability of these witnesses, but agree that certain Committee member and 30(b)(6) depositions are necessary.

The Committee members are the witnesses most central to this case, and the Committee's minutes and materials will be the principal exhibits at their depositions. On October 12, Defendants advised that it would be "impossible to . . . collect the data from all requested custodial sources, run the requested searches, review and produce all responsive documents, and produce six witnesses for deposition, all in the next 30 days." Further, the Parties agree that these depositions should proceed after the minutes and document production are in hand. Those documents will inform the necessity and scope of the depositions. Deposing the Committee members before the Committee materials are produced and reviewed would risk incomplete examinations and requests to reopen the depositions,

which would require leave of Court. Fed. R. Civ. P. 30(a)(2)(A)(ii). Taking the depositions after the documents are produced lets each witness sit once.

Sequencing discovery this way is not a lack of diligence. *See Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 654-55 (N.D. Cal. 2025) (finding it "not unreasonable . . . to conduct [the party's] depositions after the completion of most written discovery" and declining to adopt any reading of Rule 16(b)'s diligence requirement "that would punish parties for staging discovery in this manner"). Under the current schedule, the time remaining after the anticipated production is insufficient to review the materials and take all depositions before November 11, 2026. Mr. Darnold no longer works for Boyd Gaming, and his deposition may require a subpoena. Plaintiff's responses to Defendants' written discovery are also due November 9, two days before the current cutoff.

**IV. The remaining work follows from when Defendants can finalize review and processing of several thousand pages of documents.**

Plaintiff served written discovery on both Defendants on August 13, 2026, with responses due on September 14, nearly two months before the discovery cutoff. On September 11, Defendants asked for a two-week extension, and Plaintiff agreed. On September 28, Defendants asked for more time for their written responses, and Plaintiff agreed to October 2 on the understanding that Defendants would begin producing documents that day. Defendants served their first production, 1,028 pages, that day.

Plaintiff then moved quickly. One week after receiving Defendants' written responses, Plaintiff sent a detailed letter addressing them. The letter asked Defendants to produce the Committee's minutes and meeting materials, the consultant's reports, and every version of the investment policy statement. It also proposed custodians, search terms, and a date range for an ESI search, and Plaintiff asked the same day for deposition dates for the five Committee members and Boyd Gaming's designee. Defendants object to the search and production of ESI and to the depositions of five Committee members as unnecessarily cumulative and disproportionate. Plaintiff disputes both objections. Counsel conferred by telephone on October [15], and the Parties have set a further conference for October 22, 2026.

The need for more time arises from the order in which this discovery must unfold: documents first, then the experts and the depositions that depend on them.

**V. The request is limited to the shortest period the remaining work requires, and the Parties have agreed to interim targets that tie each remaining step to a date.**

The Parties request a 60-day extension, the shortest period they believe may allow the remaining discovery to be completed. They have agreed to these interim targets:

a. Defendants' rolling production of the Committee's meeting minutes and related materials to be completed: by October 30, 2026.

b. Execution of a stipulated protective order, or presentation by motion of any dispute over its terms: by October 23, 2026. Production under target (a) will not await the Court's entry of any protective order.

c. Presentation by motion of any issue raised in Plaintiff's October 9 letter that remains unresolved: by November 16, 2026.

The depositions of Plaintiff, Committee member(s), and Boyd Gaming's designee would follow in December 2026 and early January 2027, before a discovery cutoff of January 11, 2027. The 60-day period also allows for the Thanksgiving and year-end holidays, which will limit the availability of witnesses and counsel in late November and late December.

If an issue cannot be resolved by agreement, the Parties will present it by motion without undue delay, as the Scheduling Order directs. ECF No. 25 at 2.

**PROPOSED SCHEDULE**

Under Local Rule 26-3(d), the Parties propose the following schedule:

| Deadline | Current (ECF No. 25) | Proposed |
|---|---|---|
| Fact discovery cutoff | November 11, 2026 | January 11, 2027 |
| Motion for class certification | November 25, 2026 | January 25, 2027 |
| Initial expert disclosures | December 11, 2026 | February 9, 2027 |
| Rebuttal expert disclosures | January 11, 2027 | March 12, 2027 |
| Expert discovery cutoff | February 10, 2027 | April 12, 2027 |
| Dispositive motions | March 12, 2027 | May 11, 2027 |
| Joint proposed pretrial order | April 12, 2027, or 30 days after decision of dispositive motions | June 11, 2027, or 30 days after decision of dispositive motions |

Each proposed date falls 60 days after the current deadline or, when the sixtieth day falls on a weekend, on the next business day. Moving every remaining deadline by the same period preserves the sequence the Scheduling Order sets, in which class certification and expert disclosures follow the close of fact discovery. ECF No. 25 at 2. Apart from any request concerning a later-appearing party, the Parties intend to complete discovery within this schedule. All other provisions of the Scheduling Order remain in effect.

The Parties make this stipulation in good faith and not for the purpose of delay. It does not waive any claim, defense, objection, or right of any party, and it is not an admission that any claim, defense, or objection has merit.

[REMAINDER OF PAGE INTENTIONALLY BLANK].

Good cause supports this first request at each step. The core fiduciary-process documents have not yet been produced. Plaintiff needs them to determine which experts the case requires and to prepare their reports. The depositions of the Committee members and Boyd Gaming's designee should follow those documents, which will inform the necessity and scope of each. And Plaintiff has pressed each step of discovery as Defendants' responses and production arrived. The Parties respectfully request that the Court enter the proposed schedule, which gives them 60 days to build the record on which class certification, expert discovery, and dispositive motions will depend.

IT IS SO STIPULATED.

DATED: October 21, 2026.

**WISE LAW FIRM, PLC**

<u>/s/ *Alexander Rudenco*</u>
David Hilton Wise (Nevada Bar No. 11014)
335 W 1st Street
Reno, Nevada 89503
Telephone: (775) 299-4284
dwise@wiselaw.pro

**MILBERG, PLLC**
Alexandr Rudenco (admitted *pro hac vice*)
800 S. Gay St., Suite 1100

**JACKSON LEWIS P.C.**

<u>/s/ *Phillip C. Thompson*</u>
Deverie J. Christensen (Nevada Bar No. 6596)
Phillip C. Thompson (Nevada Bar No. 12114)
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
deverie.christensen@jacksonlewis.com
phillip.thompson@jacksonlewis.com

*Attorneys for Defendants*

The parties' extension request is predicated on their sequencing of discovery, in that they delayed depositions and other discovery pending a document production from Defendants. While there may be nothing inherently unreasonable about such sequencing, parties doing so are expected to seek and obtain that document production with appropriate speed. Diligence is measured by the parties' conduct throughout the already-existing discovery period, *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022), and this stipulation fails to explain why Plaintiff waited nearly two months after the Rule 26(f) conference to propound affirmative discovery or why Defendant needed multiple extensions to respond. Those gaps are particularly problematic since the Court has made clear its expectations of diligence. Docket No. 25 at 2. Given the joint nature of this request and the circumstances presented, the Court GRANTS this stipulation as a <u>one-time</u> courtesy. The parties are once again cautioned that they must proceed forward diligently with discovery and the Court does not intend to allow more courtesy extensions moving forward.

IT IS SO ORDERED.

Dated: October 22, 2026

______________________________
Nancy J. Koppe
United States Magistrate Judge